UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EDWARD GREAR,

       Plaintiff,                          Case No. 1:07-CV-203

v.                                                Hon. Robert J. Jonker

RAYMOND GELABERT, et al.,

       Defendants.

_____/

## **ORDER**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 23) filed on November 8, 2007. Defendants filed their Objections to the Report and Recommendation (docket ## 24, 26) on November 14, 2007, and November 26, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify

> the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections. After its review, the Court finds that with one exception the Report and Recommendation is factually sound and legally correct.

**I.   Exhaustion Issues**

Defendants object to the Report and Recommendation's conclusions regarding the exhaustion of each of Plaintiff's five grievances. There is sufficient evidence in the record to allow a reasonable juror to find that four of the grievances (i.e., those discussed in Part I.A of this Order) were properly exhausted, but the evidence requires finding that one of the grievances (i.e., Grievance No. ACF-2006-06-0575-28A, discussed in Part I.B.) is unexhausted. As a practical matter, the dismissal of the unexhausted grievance is inconsequential because the substantive basis of the grievance is functionally identical to the claims raised in the exhausted grievances.

*A.   The Four Properly Exhausted Grievances*

Defendants argue that (1) Grievance No. ACF-2006-04-0278-12I was not properly exhausted because it did not specifically name any of the Defendants; (2) Grievance No.

2

ACF-2006-06-0574-12D was not properly exhausted because it was untimely and was never submitted to step III of the grievance process; (3) Grievance No. ACF-2006-08-0853-12E2 was not properly exhausted because it did not name any particular Defendant and was not taken to step III of the grievance process; and (4) Grievance No. ACF-2006-10-1022-12E1 was not properly exhausted because it was not timely.  These objections are without merit.

### 1. All of the Grievances Were Properly Exhausted Because They Were All Considered on Their Merits

"Prisoners must follow state rules about the time and content of grievances," but when a state resolves a grievance on its merits "the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."  *Riccardo v. Rausch*, 359 F.3d 510, 512–13 (7th Cir. 2004); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), *cited with approval in Woodford v. Ngo*, 126 S. Ct. 2378 (2006) ("[I]f a state court accepts a belated filing, and considers it on the merits, that step makes the filing 'proper' for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court.").  Defendants are correct that a plaintiff cannot establish exhaustion by avoiding the grievance process entirely. *Pozo,* 268 F.3d 1022.  But if a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on its merits, then the state will not be heard to complain that the grievance was not properly exhausted.  If the state wishes to reject a

grievance for failure to properly comply with available administrative procedures then it should do so.[1]

These four grievances were not rejected for failure to name individuals or for untimeliness. Instead, they were all considered on their merits. Procedural grounds for rejection were not even mentioned. Accordingly, a reasonable juror could find that Plaintiff properly exhausted his administrative remedies with respect to each of these grievances.

### 2. Plaintiff Pursued Each Grievance to Step III

Defendants argue that Grievance No. ACF-2006-06-0574-12D was not properly exhausted because Plaintiff never submitted it to step III. But the evidence would allow a reasonable juror to conclude that Plaintiff did submit his grievance to step III. Plaintiff has provided the Court with a copy of his request for step III review. A juror might ultimately believe Defendants that Plaintiff never submitted a request for step III review, but a juror could also make the permissible inference, based on Plaintiff's production of a copy of his step III review request, that he did request step III review. Defendants present a fact issue for the jury to consider; they fail to carry their burden of presenting evidence that would require a jury to decide in their favor on exhaustion, an affirmative defense.

---

[1] A state is, of course, always free to reject a grievance both for failure to properly comply with available procedures *and* on its merits. An example of this is grievance ACF-2006-06-0575-28A, discussed *infra* Part I.B. As long as the "procedural default" rejection is clear, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust.

### 3. Plaintiff's Signing Off on His Grievance Constituted Proper Exhaustion

Defendants argue that, with respect to Grievance No. ACF-2006-08-0853-12E2, Plaintiff's claim is frivolous. But this does not change the fact that Plaintiff properly exhausted available administrative remedies. Plaintiff filed this grievance on August 22, 2006. On September 15, 2006, he signed his step I grievance indicating that it was resolved. No party has submitted any additional evidence regarding the resolution of this grievance, but, as pointed out in the Report and Recommendation, Plaintiff alleges that the grievance was resolved unfairly. Thus the evidence in the light most favorable to Plaintiff supports his contention that he properly exhausted this grievance. *See Riley v. Taylor*, No. 06-01-GMS, 2006 U.S. Dist. LEXIS 88661, at *14–*15 (D. Del. Dec. 7, 2006) (holding that a signed-off grievance could establish proper exhaustion).

### B. *The Unexhausted Grievance*

There is sufficient evidence in the record to allow a jury to find that Plaintiff properly exhausted available administrative remedies with respect to the four grievances discussed in Part I.A. The situation is different, however, with respect to Grievance No. ACF-2006-06-0575-28A.

Despite the finding in the Report and Recommendation, this Court finds, based on its de novo review, that Grievance No. ACF-2006-06-0575-28A is unexhausted. After Plaintiff's step I grievance was rejected as duplicative, Plaintiff timely appealed to step II, where the step I response was upheld. Plaintiff then timely appealed to step III, where the

5

step I and step II responses were upheld and the grievance was rejected on its merits. By expressly upholding the step I and step II responses, the MDOC effectively incorporated and approved the earlier rejection of Plaintiff's grievance as duplicative and then went on to reject the grievance on the merits. The merits determination, in other words, was an alternate and independent basis for rejection. To avoid any possible confusion, the MDOC could have expressly reiterated the original decision that the grievance was duplicative. This would have been clearer. Even so, the Court is satisfied that this grievance was rejected both on its merits and as being duplicative. There is no other way to give meaning to the MDOC's statement in its step III response that "[t]he step I and II responses are upheld." Ultimately, however, the status of this grievance as unexhausted is inconsequential. The claims raised in this unexhausted grievance are nearly identical to those raised in the grievances discussed in Part I.A.

    **II.**    **Issues Other than Exhaustion**

In addition to exhaustion, Defendants also argue that Plaintiff fails to state a claim upon which relief can be granted; therefore, they argue, this Court has the authority to dismiss Plaintiff's claim *sua sponte*. 42 U.S.C. § 1997e(c)(2) (LEXIS through P.L. 110-180). Defendants' argument may be correct, but it is nonetheless separate from the issue of whether Plaintiff properly exhausted available administrative remedies. Accordingly, this part of Defendants' motion is dismissed without prejudice to their ability to bring it in a separate motion at a later time.

Case 1:07-cv-00203-RJJ-HWB  ECF No. 28 filed 02/15/08  PageID.251  Page 7 of 7

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 8, 2007, is approved and adopted as the Opinion of the Court, except with respect to Grievance No. ACF-2006-06-0575-28A, where Part I.B of this Order is the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (docket ## 12, 14) are **GRANTED** with respect to Grievance No. ACF-2006-06-0575-28A only, and **DENIED** in all other respects. Moreover, the limited grant of summary judgment with respect to one grievance is without prejudice to continued assertion of the functionally identical substantive claims that are part of the exhausted grievances.


Dated:   February 15, 2008              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE